IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joey Anthony Valdez,<br><br>    Petitioner,<br><br>vs.<br><br>T. Diaz, et al.,<br><br>    Respondents. | No. CV 08-0451-PHX-GMS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Joey Anthony Valdez. Doc. #1. Pursuant to a plea agreement, Petitioner was convicted and sentenced on October 31, 1995, in the Maricopa County Superior Court in case number CR94-01540. Doc. #12, Exh. B, C. Petitioner pled guilty on September 22, 1995, to two counts of attempted sexual conduct with a minor (amended counts one and six of the indictment), class three felonies and "dangerous crimes against children" under Arizona law. Id. On October 31, 1995, Petitioner was sentenced to 10 years in prison on count one and a consecutive term of lifetime probation for count six. Doc. #12, Exh. C at 8-11.

On November 20, 1995, Petitioner filed a Notice of Post-Conviction Relief. Doc. #12, Exh. D. He filed a second Notice of Post-Conviction Relief on January 8, 1996. Doc. #12,

1  Exh. E.  On March 1, 1996, the lawyer appointed to represent Petitioner for post-conviction
2  review filed a Notice of Completion of Post-Conviction Review by Counsel and Request for
3  Extension of Time to Allow Defendant to File Pro Per Petition for Post-Conviction Relief.
4  Doc. #12, Exh. F.  In the notice, Petitioner's counsel indicated that she could find no claims
5  for relief to raise on Petitioner's behalf.  Id.  A couple weeks later, Petitioner's counsel filed
6  a second Request for Extension of Time to Allow Defendant to File Pro Per Petition for Post-
7  Conviction Relief.  Doc. #12, Exh. G.  Even though the trial court granted Petitioner until
8  May 31, 1996, to file a pro per petition, Petitioner never filed one.  Doc. #12, Exh. H.  As a
9  result, on June 27, 1996, the trial court judge dismissed the post-conviction proceedings.  Id.
10 Petitioner did not seek review in the Arizona Court of Appeals or the Arizona Supreme
11 Court.

12      On March 8, 2001, Petitioner filed a Motion for Clarification of Sentence of
13 Imprisonment in which he alleged that the Department of Corrections (DOC) was not
14 properly applying release credits to his prison sentence.  Doc. #12, Exh. I.  DOC responded
15 that because the offense date was before 1990, the release credit provisions that Petitioner
16 was relying on were not applicable.  Doc. #12, Exh. J.  DOC argued that the trial court
17 erroneously advised Petitioner he was eligible for the release credits and that Petitioner
18 should seek redress in a petition for post-conviction relief.  Id.  Petitioner then filed a Notice
19 of Post-Conviction Relief on June 5, 2001.  Doc. #12, Exh. K.  On July 30, 2001, the trial
20 court denied the "petition for Post-Conviction Relief or Clarification of Sentence or to Order
21 the Department of Corrections to adjust his sentence."  Doc. #12, Exh. L.  The trial court
22 found that Petitioner failed to show an error in the way the court or DOC handled his case.
23 Id.

24      On August 15, 2001, Petitioner filed a Notice of Appeal from the Superior Court, in
25 which he challenged the trial court's denial of his post-conviction petition.  Doc. #12, Exh.
26 M.  On April 3, 2002, the Arizona Court of Appeals issued an order that discussed the
27 addendum to Petitioner's plea agreement setting forth his eligibility for earned release credits
28 after serving "one quarter of the mandatory minimum of the sentence imposed by the court."

Doc. #12. Exh. N.  The Court directed the Maricopa County Attorney's Office to file a response to Petitioner's request for review to address the issue of whether Petitioner raised a colorable claim that his plea agreement was not voluntary because he was erroneously advised of his eligibility to earn release credits.  Id.  In its response, the Maricopa County Attorney's Office wrote that Petitioner had raised a colorable claim on this issue and that the trial court should not have summarily dismissed his petition for post-conviction relief.  Doc. #12, Exh. O at 3.  Therefore, on May 8, 2002, the Court of Appeals vacated the summary dismissal and directed the trial court to hold an evidentiary hearing on the issue.  Id.

On October 30, 2002, the date set for the evidentiary hearing, the trial court issued an order stating that the parties intended to prepare a new plea agreement that would provide Petitioner with the benefits intended in the first agreement.  Doc. #12, Exh. P.  This would be done by simply switching the prison sentence to count six and the probation sentence to count one.  Id.  Because the offense in count six was committed after 1990, Petitioner would receive the benefit of the earned release credits referenced in the first plea agreement.  With the assistance of counsel, Petitioner entered a new plea agreement on November 7, 2002.  Doc. #12, Exh. Q.  The court sentenced Petitioner on the same day and imposed a 10 year prison term for count six, with credit for the time already served, and a consecutive term of lifetime probation on count one.  Doc. #12, Exh. R.  The court further ordered DOC to recalculate the length of Petitioner's prison sentence in light of the amended plea agreement and to apply any earned release credits to which he was entitled.  Id.

On January 14, 2003, Petitioner filed a Notice of Post-Conviction Relief.  Doc. #12, Exh. S.  However, on April 15, 2003, Petitioner, through appointed counsel, filed a request to dismiss the petition for post-conviction relief.  Doc. #12, Exh. T.  Petitioner signed the request and stated in it that he no longer wished to contest the judgment of guilt or sentence entered in this case.  Id.  On April 16, 2003, the trial court issued an order dismissing the petition.  Doc. #12, Exh. U.

According to Respondents, Petitioner completed his prison sentence for count six on October 15, 2003, though they provide no evidence to support that assertion.  Doc. #12 at 6.

Regardless, it is clear that as of March 4, 2004, Petitioner was not still serving the prison sentence because on that date he was found to have violated the probation sentence imposed on the other count. Doc. #12, Exh. V. The court reinstated him on probation but imposed six months in jail as one of the terms. Id. A minute entry filed on October 29, 2004, shows that Petitioner again violated his probation. Doc. #12, Exh. X. The court again reinstated him on probation at the disposition hearing on November 19, 2004. Doc. #12, Exh. Y. The reinstatement included a requirement to serve four months in jail. Id. After a third probation violation, the court revoked Petitioner's probation sentence on September 22, 2005, and imposed a ten-year prison sentence with credit for 697 days. Doc. #12, Exh. Z, AA.

Petitioner filed a Notice of Post-Conviction Relief on October 27, 2005, followed by another Notice of Post-Conviction Relief on November 14, 2005. Doc. #12, Exh. BB. On May 15, 2006, the lawyer appointed to represent Petitioner for the new post-conviction proceedings filed a Notice of Completion of Post-Conviction Review by Counsel and Request for 45 Day Extension of Time to Allow Defendant to File *Pro Per* Petition for Post-Conviction Relief. Doc. #12, Exh. CC. In the notice, Petitioner's counsel indicated that she could find no claims for relief to raise on Petitioner's behalf. Id. After counsel was directed to remain on the case in an advisory capacity, Petitioner filed a pro per Petition for Post-Conviction Relief on April 7, 2006. Doc. #12, Exh. DD, EE. Petitioner filed what appears to be yet another notice and petition for post-conviction relief on July 27, 2006. Doc. #12, Exh. FF. On October 16, 2006, the trial court dismissed the July notice and petition. Doc. #12, Exh. HH, RR.[1]

Petitioner appealed from the denial of his petition for post-conviction relief on October 27, 2006. Doc. #12, Exh. II. Petitioner subsequently submitted an affidavit and a Supplement to Petition for Review. Doc. #12, Exh. JJ, KK. On September 19, 2007, the Arizona Court of Appeals denied the petition for review. Doc. #12, Exh. MM. Petitioner

---

[1] The trial court's order only references the July 27 notice and petition and the stte court record provided by Respondents does not show a ruling on the April 2006 petition. The absence of such a ruling, however, does not affect this court's recommendation.

- 4 -

then sought review in the Arizona Supreme Court which was denied on December 18, 2007. Doc. #12, Exh. NN, OO. Petitioner apparently at some point also filed a Motion for Clarification of Sentence because on December 7, 2007, the trial court treated the motion as another petition for post-conviction relief and denied it. Doc. #12, Exh. PP.

On March 6, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. On March 11, Petitioner filed a two-page Supplement Motion for Writ to Seek Relief. Doc. #4. Petitioner alleges in ground one of the petition that entering the amended plea agreement in November 2002 resulted in a violation of the Double Jeopardy Clause. He claims that he had already served his prison sentence on count one when he entered the new plea agreement, which resulted in a second punishment for the same offense. Petitioner alleges in ground two that the attorney representing him at the time he entered the amended plea agreement violated his Sixth Amendment right to the effective assistance of counsel. On July 10, 2008, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #12. Petitioner filed a Reply to Respondents' Answer on July 23, 2008.

## DISCUSSION

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Alternatively, Respondents argue that Petitioner failed to exhaust his claim in ground two and that both ground one and two should be denied on the merits. Because the information presented establishes that the habeas petition is untimely, the court finds that it is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.     Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

- 5 -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Moreover, filing a petition for post-conviction relief does not reinitiate a limitations period that ended before the petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

**B.    Application**

Petitioner was convicted and sentenced under the amended plea agreement on November 7, 2002. By pleading guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P. 17.1(e). Petitioner had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. He filed a timely notice of post-conviction relief on January 14, 2003. However, with the assistance of counsel, Petitioner filed a motion to voluntarily dismiss the notice of post-conviction relief on April 15, 2003. The trial judge granted the motion the next day. Petitioner then had 30 days to file a petition for review in the Arizona Court of Appeals. See Ariz. R. Crim. P. 32.9(c). Petitioner did not file a petition for review and therefore the statute of limitations began to run on the day after the time for seeking review expired.[2] The time to seek review expired on May 16, 2003, and the statute of limitations began to run the next day. The statute of limitations expired one year later on May 16, 2004.

By the time Petitioner filed his next notice of post-conviction relief on October 27, 2005, the AEDPA statute of limitations had already expired. The time between the termination of the January 2003 petition and the filing of the October 2005 petition did not toll the limitations period. Nor did the filing of the October 2005 petition have any effect on the expired limitations period. Therefore, Petitioner's federal habeas petition, filed on March 6, 2008, was nearly four years after the limitations period expired.

For these reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Petitioner does not address the statute of limitations in his reply and therefore he fails to refute Respondents' arguments regarding that issue. Moreover, Petitioner fails to present any facts or argument to show he is entitled to equitable tolling.

---

[2] Arguably, the statute of limitations began to run on the day the court granted Petitioner's motion to voluntarily dismiss his post-conviction proceedings. Exempting the time period for filing a petition for review does not make much sense given that Petitioner asked to have the case dismissed, but in an abundance of caution, the court will not count that time toward the statute of limitations period.

1  Because the petition is barred by the statute of limitations, the court will recommend that it
2  be denied and dismissed.

3  **IT IS THEREFORE RECOMMENDED:**

4  That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)
5  be **DENIED** and **DISMISSED WITH PREJUDICE**;

6  This recommendation is not an order that is immediately appealable to the Ninth
7  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
8  Appellate Procedure, should not be filed until entry of the district court's judgment. The
9  parties shall have ten days from the date of service of a copy of this recommendation within
10 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
11 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
12 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
13 and Recommendation may result in the acceptance of the Report and Recommendation by
14 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
15 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
16 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
17 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
18 recommendation. See Fed. R. Civ. P. 72.

19 DATED this 4th day of March, 2009.

_____
Edward C. Voss
United States Magistrate Judge