**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOEY ANTHONY VALDEZ, ) | No. CV-08-0451-PHX-GMS (ECV) |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| T. DIAZ, et al., ) | |
| Respondents. ) | |

Pending before the Court is the Petition for Writ of Habeas Corpus of Petitioner Joey Valdez, filed pursuant to 28 U.S.C. § 2254. (Dkt. ## 1, 4.) On December 1, 2008, Magistrate Judge Edward C. Voss issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed. (Dkt. # 18.) Petitioner filed objections to the R&R. (Dkt. # 19.) For the following reasons, the Court adopts the R&R of Magistrate Voss and denies and dismisses the Petition.

**BACKGROUND**

On September 22, 1995, Petitioner pled guilty to two counts of attempted sexual contact with a minor (amended counts one and six of the indictment) – class three felonies and "dangerous crimes against children" under Arizona law. On October 31, 1995, Petitioner

was sentenced to a prison term of ten years on count one and a consecutive term of lifetime probation on count six. As a result of a technical issue that arose regarding the applicability of earned release credits under the first plea agreement, Petitioner entered into a revised plea agreement on November 2, 2002, that entitled Petitioner to the earned release credits intended in the first plea agreement. Pursuant to the second plea agreement, the trial court sentenced Petitioner to a prison term of ten years on count six, with credit for time already served, and a consecutive term of lifetime probation on count one. The R&R sets forth the factual and procedural background of this case, to which neither party objected. Accordingly, the Court adopts that background as an accurate recital.

In his § 2254 action, Petitioner asserts that: (1) the Double Jeopardy Clause of the Fifth Amendment was violated by the November, 2002 plea agreement (Dkt. # 1 at 6), and (2) he was denied his Sixth Amendment right to the effective assistance of counsel at the time of his November 2002 plea agreement (*id.* at 7). Magistrate Voss recommended that the Petition be denied and dismissed because the Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A).

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal

issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

## DISCUSSION

Petitioner filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). (Dkt. # 19.) Petitioner argues that: (1) equitable tolling is applicable in this case sufficient to permit the otherwise untimely Petition (Dkt. # 19 at 4); (2) "cause and prejudice" or "manifest injustice" can be shown sufficient to overcome procedural default (*id.* at 3-6); and (3) his federal habeas claims have merit (*id.* at 1-2). Having conducted a *de novo* review of the record on all relevant matters, the Court will address Petitioner's objections.

**I.     Equitable Tolling**

In the R&R, Magistrate Voss stated that "Petitioner fail[ed] to present any facts or argument to show he is entitled to equitable tolling." (Dkt. # 18 at 7.) In his objections, Petitioner asserts that he is entitled to equitable tolling for the time between May 17, 2003, the date on which the limitations period began to run, and March 6, 2008, the date on which his Petition was filed. Petitioner argues that "where a petitioner is proceeding pro se[,] has little education[,] or [is] illiterate, [the] court may be required to consider equitable tolling." (Dkt. # 19 at 4.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also*

- 3 -

*Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *overruled in part on other grounds by Calderon v. United States Dist. Court for the Cent. Dist of Cal. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). Petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." *Allen v. Lewis*, 255 F.3d 798, 801 (9th Cir. 2001).

Petitioner has not shown that he is entitled to equitable tolling on account of his self representation, lack of education, and lack of English language proficiency. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (noting that the petitioner bears the burden of showing that equitable tolling is appropriate). None of these grounds constitute "extraordinary circumstance[s]" sufficient to merit equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that pro se status, on its own, is not enough to warrant equitable tolling."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (holding that neither a *pro se* prisoner's illiteracy nor his lack of legal knowledge was insufficient to establish cause); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the

applicable filing period," nor "illiteracy" provides a basis for equitable tolling).

Additionally, Petitioner fails to present any facts or argument supporting the notion that from May 17, 2003, to March 6, 2008, he was pursuing his rights diligently. Indeed, for several years during that period, Petitioner had been released from prison on probation. It was not until Petitioner's probation was revoked in late 2005, due to three probation violations, that Petitioner began pursuing his double jeopardy claim with the Arizona courts. Petitioner has not presented any facts or argument suggesting that Petitioner was pursuing his rights at all between May 2003, and late 2005.

For these reasons, Petitioner has not shown either any external circumstances beyond his control that were the actual cause of his untimely Petition or that he was diligently pursuing his claims during the time period in which tolling is needed. *See Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002). Accordingly, the pending Petition is time-barred under the AEDPA.

**II.     Procedural Default**

In the event of procedural default, federal habeas review of a claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In his objections, Petitioner asserts various arguments attempting to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." (Dkt. # 19 at 3-6.) The R&R, however, does not address whether Petitioner's claims are procedurally defaulted and does not rely on procedural default as a basis for recommending denial and dismissal of the Petition. Rather, the R&R relies only upon the conclusion that Petitioner's claims are time-barred under the

- 5 -

AEDPA. The Court therefore declines to address Petitioner's "cause and prejudice" and "fundamental miscarriage of justice" arguments, as they are not proper objections to the R&R.

### III. The Merits of Petitioner's Claims

Last, Petitioner appears to argue the merits of his double jeopardy and ineffective assistance claims. (Dkt. # 29 at 1.) The Court likewise declines to reach the merits of these claims. Even assuming that Petitioner has stated valid constitutional claims, the Court need not reach their merits because Petitioner's Writ of Habeas Corpus is otherwise untimely.

### CONCLUSION

Because Petitioner's Writ of Habeas Corpus was untimely filed pursuant to 22 U.S.C. § 2244(d)(1)(A):

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. # 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus (Dkt. ## 1, 4) is **DENIED** and **DISMISSED WITH PREJUDICE**.

DATED this 31st day of March, 2009.

G. Murray Snow
United States District Judge